UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| IVO SKORIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:23-cv-64 |
| ) | |
| MARBLE VALLEY REGIONAL ) | |
| TRANSIT DISTRICT; VERMONT ) | |
| DEPARTMENT OF LABOR, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING MOTIONS TO DISMISS
AND DENYING MOTIONS FOR SUMMARY JUDGMENT**
(Docs. 16, 19, 24, 25)

In January 2023, Marble Valley Regional Transit District ("Marble Valley") terminated Ivo Skoric's employment after he failed a random drug test. Skoric, who suffers from chronic pain and depression and has a medical marijuana prescription, then filed this lawsuit alleging that Marble Valley violated the Americans with Disabilities Act ("ADA") by discriminating against him on the basis of his disability and that the Vermont Department of Labor ("DOL") subsequently mischaracterized his termination as misconduct thereby denying him unemployment benefits.

On July 24, 2023, the DOL moved to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim under Federal Rule of Civil Procedure 12(b)(1) and (6) and on August 2, Marble Valley moved to dismiss for failure to state a claim under Rule 12(b)(6). (Docs. 16, 19.) Plaintiff responded by both opposing or "rebutting" the dismissal motions and moving for summary judgment. (Docs. 23, 25.) Defendants submitted replies in further support of their motions as well as oppositions to the summary judgment motions and all motions are presently before the court.

I.  **Background**

On May 17, 2023, Plaintiff Skoric, representing himself, was granted *in forma pauperis* ("IFP") status under 28 U.S.C. § 1915. His Complaint against Marble Valley, the DOL, HireAbility, and Cannabis Control Board alleging employment discrimination was filed the same day. (Doc. 8.) Plaintiff's claims against HireAbility and the Cannabis Control Board, however, were dismissed under § 1915(e)(2)(b)(ii) because the Complaint did not contain factual allegations concerning those defendants and thus failed to state a plausible claim against them. The court explained the requirements for submission of a motion to amend should Plaintiff wish to amend his pleading. To date, the court has not received such a motion.

To maintain a suit in federal court under the ADA, a Plaintiff must have filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and received an EEOC right-to-sue notice/letter. 42 U.S.C. § 2000e-5(e). Plaintiff alleged that he had received such a letter but had not submitted it to the court with his Complaint. The court ordered that he do so by June 2, 2023, and Plaintiff timely complied. *See* Doc. 9.

Before the court ruled on his IFP application, Plaintiff moved for summary judgment asserting that he was entitled to judgment due to Defendants' failure to answer his Complaint. In the May 17 Order, the court denied the motions without prejudice because Defendants had not yet been properly served with process and therefore their time to respond to the Complaint had not yet begun to run. Because Plaintiff was granted IFP status, the court ordered that service of process on Marble Valley and DOL be undertaken pursuant to 28 U.S.C. § 1915(d).

II. **Allegations of Plaintiff's Complaint**

On the court's form Pro Se Complaint for Employment Discrimination, Plaintiff alleges he was employed by Marble Valley and selects all three federal anti-discrimination in

employment statutes as bases for jurisdiction: Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 20000e-17; Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621–634; and ADA, 42 U.S.C. §§ 12112 –17. He further indicated Title 18, Chapter 86 of the Vermont Statutes as relevant state law. *See* Doc. 1-2 at 3.

The complaint form instructed that Plaintiff should "[s]tate how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct." *Id.* at 4. Additionally, "[i]f more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed." *Id.* The form provides a section to indicate what type of discriminatory conduct plaintiff asserts. Plaintiff checked "termination of my employment," "failure to accommodate my disability," and "other acts," next to which he typed "disqualification from unemployment benefits." *Id.* He alleges these discriminatory acts occurred on January 9, 2023. In the section providing the potential bases of discrimination, Plaintiff checked only "disability or perceived disability," and specified it as "chronic pain and depression treated with medical cannabis."[1] *Id.* He described the facts of his case as follows:

> I was wrongfully terminated for using a legally prescribed medication that helps me manage my disabling medical conditions and engage in productive work, despite a positive performance review, and despite thos[e] who helped me find this job, after a long term unemployment due to health issues, were aware of my conditions and medications. Furthermore, I was denied unemployment benefits, with the VT Department of Labor mischaracterizing my termination as misconduct.

*Id.* at 5.

---

[1] Plaintiff did not check any of the other boxes indicating that he was subjected to discrimination on the basis of race, color, gender/sex, religion, national origin, or age. *See* Doc. 1-2 at 4.

3

In the section of the complaint form addressing exhaustion of administrative remedies, Plaintiff stated that he filed a charge with the EEOC on February 28, 2023, and that it issued a Notice of Right to Sue letter which he received on March 1, 2023. Although the form instructs that Plaintiff should attach a copy of the Notice of Right to Sue letter to the Complaint, Plaintiff did not do so. Additionally, though Plaintiff checked the ADEA as a basis of jurisdiction, he did not complete the section that pertains to litigants alleging age discrimination seeking to determine how much time has elapsed since filing a charge of age discrimination with the EEOC. *See* Doc. 1-2 at 5.

In the relief section, Plaintiff states, in full:

> As a medical cannabis patient in Vermont to treat disabling conditions under VFEPA disability provisions, I should be protected. I should not be terminated from a job solely because of using legally prescribed medication. I should not be disqualified from receiving unemployment. Medical cannabis law is a dead letter on paper and the medical card is worthless if it renders the patient unemployable and uninsurable. My unemployment benefits should be immediately released. I should be reemployed. Or a suitable employment should be found for me asap.

*Id.* at 6.

### III. Discussion

The court construes the Complaint as raising claims for disability discrimination and failure to accommodate his disability under the ADA based on his chronic pain and depression treated with medical marijuana as legally prescribed to him.

#### A.   DOL's Motion to Dismiss

The DOL contends that this court lacks subject matter jurisdiction over Plaintiff's claims against it and also argues Plaintiff fails to state a claim against it. "Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'" *Morrison v. Nat'l Austrl. Bank Ltd.*, 547 F.3d 167, 170

4

(2d Cir. 2008). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction. The court may resolve the disputed jurisdictional fact issues by referring to evidence outside the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016) (cleaned up). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

Plaintiff has not asserted a cause of action against the DOL that is cognizable in federal court. He seeks to challenge the state's resolution of his unemployment compensation benefits alleging he was denied unemployment benefits due to DOL's mischaracterization of his termination as misconduct. Such a claim must be pursued in state administrative and court proceedings. 21 V.S.A. §§ 1348(a), 1349. This court does not have jurisdiction. Additionally, this court may not award relief against the DOL because it is immune from suits for money damages, injunctive relief, or retrospective declaratory relief under the Eleventh Amendment of the United States Constitution. *See Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 254 (2011) ("[F]ederal courts may not entertain a private person's suit against a State[.]"); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Because the DOL is a state agency immune from Plaintiff's suit in this court, the court must dismiss his claims against it for lack of subject matter jurisdiction. *See In re Charter Oak Assocs.*, 361 F.3d 760, 765 (2d Cir. 2004) (explaining the Eleventh Amendment has been construed "to render states and their agencies immune from suits brought by private parties in

federal court") (cleaned up); *Atl. Healthcare Benefits Tr. v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs we raise it sua sponte because it affects our subject matter jurisdiction."). To the extent that Plaintiff asserts claims under state law against the DOL, this court also lacks jurisdiction to consider those claims as they may only be considered by the appropriate state courts.[2] *See, e.g., Gollomp v. Spitzer*, 568 F.3d 355, 357 n.2 (2d Cir. 2009). When a federal court lacks jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

Thus, the DOL's motion to dismiss (Doc. 16) is GRANTED and Plaintiff's claims against it are dismissed. *See Almanzar v. Zam Realty Mgmt. Co.*, 1:23-CV-8301, 2023 WL 8478596, at *23 (S.D.N.Y. Dec. 5, 2023) (dismissing claims against the New York DOL under the doctrine of Eleventh Amendment immunity for lack of subject matter jurisdiction).

### B. Marble Valley's Motion to Dismiss

Marble Valley contends that Plaintiff's ADA claim against it must be dismissed for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). To survive a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017) (internal quotation marks and citation omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must draw all reasonable inferences in the non-moving party's favor, *Lanier v. Bats Exch., Inc.*, 838 F.3d 139, 150 (2d Cir. 2016), however, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 336 U.S. at 678. "The plausibility standard is not

---

[2] Plaintiff appears to concede "that this is a State matter." (Doc. 23 at 3.)

akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The court is mindful of its obligation to afford "special solicitude" to pro se litigants: it is required to read a pro se plaintiff's complaint liberally and to construe it to raise the strongest arguments it suggests. *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (internal quotation marks omitted); *Harris v. Miller*, 818 F.3d 49, 56–57 (2d Cir. 2016) (per curiam). Nevertheless, self-represented litigants must satisfy the plausibility standard set forth in *Iqbal*. *See Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 80–81 (2d Cir. 2020).

The ADA was created "to end widespread discrimination against disabled individuals." *Nat'l Fed. of the Blind v. Scribd Inc.*, 97 F. Supp. 3d 565, 573 (D. Vt. 2015). It prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to . . . discharge." 42 U.S.C. § 12112(a). To state a prima facie case of disability discrimination, a plaintiff must allege that: "(1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered [an] adverse employment action because of his disability." *McMillan v. City of N.Y.*, 711 F.3d 120, 125 (2d Cir. 2013).

The ADA also prohibits an employer's refusal to make reasonable accommodations for known mental or physical limitations of an otherwise qualified individual with a disability. 42 U.S.C. § 12112(b)(5)(A). To state a failure to accommodate claim under the ADA, Plaintiff must allege that: (1) he is a qualified individual with a disability; (2) his employer, Marble Valley, was aware of his disability; (3) with reasonable accommodation, he could perform the

essential functions of his job; and (4) Marble Valley refused to make the accommodations. *See Sheng v. M&T Bank Corp.*, 848 F.3d 78, 86 (2d Cir. 2017).

Marble Valley argues Plaintiff was not a "qualified individual with a disability" within the meaning of the ADA because he was terminated as a result of a positive marijuana test and thus that he cannot state either a discriminatory discharge or failure to accommodate claim. Citing 42 U.S.C. § 12111(6), it asserts that marijuana use is tantamount to "engaging in the illegal use of drugs" within the meaning of the ADA. *See* Doc. 19 at 1. Plaintiff concedes that he was "terminated solely because [he] tested positive for cannabis" but contends that he is a "qualified individual with a disability" because he uses marijuana to treat his disability as prescribed by his licensed health care provider. (Doc. 25 at 1.) Thus, Plaintiff argues that Marble Valley "terminated him unlawfully, discriminating against his disability." *Id.*

The ADA defines a qualified individual as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position." 42 U.S.C. § 12111(8). The ADA specifies that "a qualified individual with a disability shall not include any employee . . . who is currently engaging in the illegal use of drugs, when the covered entity acts on the basis of such use." 42 U.S.C. § 12114(a). The ADA defines illegal drug use by reference to the Controlled Substances Act, which classifies marijuana as a Schedule I[3] illegal substance. *Id.* § 12111(6)(A). As Plaintiff points out, the ADA additionally provides that the term "illegal use of drugs . . . does not include the use of a drug taken under supervision by a licensed health care professional, or other uses authorized by the Controlled Substances Act." *Id.*

---

[3] "Schedule I is the most restrictive schedule." *United States v. Oakland Cannabis Buyers' Co-op.*, 532 US. 483, 492 (2001).

Within this framework, Marble Valley argues that Mr. Skoric's use of marijuana, even if under the supervision of a doctor, precludes him from pursuing an ADA claim because Marble Valley's reason for his termination and the denial of his requested accommodation—continued employment—relate to his use of an illegal drug. Mr. Skoric, however, seeks the safe harbor of § 12111(6)(A), contending that his use of medical marijuana is protected because he uses the drug under the supervision of a doctor.

Several courts, including in this Circuit, have determined that "physician-supervised medical marijuana use does not fit within the supervised-use exception identified in the ADA." *Eccleston v. City of Waterbury*, No. 3:19-cv-1614, 2021 WL 1090754, at *6 (D. Conn. Mar. 22, 2021). As the Supreme Court has explained:

> In the case of the Controlled Substances Act, the statute reflects a determination that marijuana has no medical benefits worthy of an exception . . . . Whereas some other drugs can be dispensed and prescribed for medical use, the same is not true for marijuana. Indeed, for purposes of the Controlled Substances Act, marijuana has "no currently accepted medical use" at all.

*United States v. Oakland Cannabis Buyers' Co-op.*, 532 U.S. 483, 491 (2001) (internal citations omitted). Thus, § 12111(6)(A) does not except the use of marijuana, even if the use occurs under the supervision of a doctor, and a medical marijuana user is not "qualified" under the ADA. *See, e.g., Snow v. Autozoners, LLC*, No. 2:22-cv-513, 2023 WL 5724941, at *4 (D. Utah Sept. 5, 2023) ("Because medical marijuana remains illegal under federal law, an ADA discrimination claim is not available for individuals who claim that they suffered discrimination based on their use of medical marijuana."); *Drift v. Diamond Materials, LLC*, No. 22-7503, 2023 WL 5321061, at *3 (D.N.J. Aug. 18, 2023) ("[T]he use of marijuana precludes an individual from being 'qualified' under the ADA if the employer acts based on this use."); *see also James v. City of Costa Mesa*, 700 F.3d 394, 402 (9th Cir. 2012) (interpreting identical language of another ADA section and finding "federally prohibited marijuana use does *not* fall within [the] supervised-use

exception" because "[t]o conclude that use of marijuana for medical purposes is not an illegal use of drugs under the ADA would undermine the [Controlled Substances Act's] clear statement that marijuana is an unlawful controlled substance that has 'no currently accepted medical use in treatment in the United States'").

Although the court is mindful of the disconnect Plaintiff points to between the trend of states, including Vermont, sanctioning the medical use of marijuana, or even decriminalizing its use altogether, marijuana remains classified federally as a Schedule I drug "with no currently accepted medical use in treatment in the United States." 21 U.S.C. § 812(b)(1)(B). Therefore, Plaintiff cannot claim the ADA's protections for his use of medical marijuana and Marble Valley's actions stemming from that use, *i.e.*, his termination as a result of his use of marijuana, which Plaintiff concedes. *See* Doc. 25 at 1 ("Defendant terminated Plaintiff solely because Plaintiff tested positive for cannabis."). As a result, Plaintiff has not sufficiently stated his ADA disability discrimination or reasonable accommodation claims. *Hill v. Dayton Freight Lines, Inc.*, No. 23 C 3370, 2023 WL 8066389, at * (N.D. Ill. Nov. 21, 2023) (dismissing plaintiff's employment discrimination claims for failure to state a claim because "medical marijuana use falls outside of the ADA's protections"); *Eccleston*, 2021 WL 1090754, at *6 ("Because medical marijuana does not fit within the supervised-use exception and remains illegal under federal law, an individual who uses medical marijuana cannot state a *prima facie* case under the ADA for discrimination on the basis of medical marijuana use.").

Marble Valley's motion to dismiss (Doc. 19) is GRANTED and Plaintiff's claims against it are DISMISSED.

### C. Plaintiff's Motions for Summary Judgment

Plaintiff moves for summary judgment against both the DOL and Marble Valley. Marble Valley argues that Plaintiff's motion fails to comply with the District of Vermont's Local Rules[4] and the Federal Rules of Civil Procedure. Given the court's dismissal of Plaintiff's claims against the remaining defendants, Plaintiff's motions for summary judgment (Docs. 24, 25) are DENIED AS MOOT. Even if Plaintiff's claims had not been dismissed, his summary judgment motions would be denied for failure to submit a statement of undisputed facts as required by the court's Local Rules. *Gravel v. Prison Health Servs., Inc.*, No. 1:07-cv-237, 2009 WL 1456787, at *4 (D. Vt. May 19, 2009) ("Proceeding *pro se* does not otherwise relieve a litigant from the usual requirements of summary judgment.") (cleaned up).

### D. Leave to Amend.

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint 'without granting leave to amend at least once,' unless amendment would be futile." *Garcia v. Super. of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). "Amendment is futile where the problems with the complaint's claims are substantive and not the result of inartful pleading." *Biswas v. Rouen*, 808 F. App'x 53, 55 (2d Cir. 2020) (internal quotation marks and alterations omitted).

In this case, the court informed Plaintiff of his right to file an Amended Complaint as a matter of course under Rule 15 and explained the effect of an amended pleading. Plaintiff has not requested an opportunity to submit an Amended Complaint. Amendment of claims over

---

[4] Vermont's Local Rules require a party seeking summary judgment to file "a separate and concise statement of undisputed material facts. Failure to submit a statement of undisputed facts constitutes grounds for denial of the motion." D. Vt. L.R. 56(a).

which this court lacks jurisdiction, such as those against the DOL, or of the ADA claims based on medical marijuana use would be futile. Accordingly, the court declines to grant leave to amend sua sponte. *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249–50 (2d Cir. 2004) (noting a district court does not "abuse[] its discretion in not permitting an amendment that was never requested").

## CONCLUSION

Defendant DOL's motion to dismiss (Doc. 16) is GRANTED because the court lacks subject matter jurisdiction and thus Plaintiff's claims against it are DISMISSED without prejudice. Defendant Marble Valley's motion to dismiss (Doc. 19) is GRANTED because Plaintiff cannot state a claim under the ADA for disability discrimination based on his use of medical marijuana. The Complaint is DISMISSED and, as a result, Plaintiff's motions for summary judgment (Docs. 24, 25) are DENIED AS MOOT.

Dated at Rutland, in the District of Vermont, this 14th day of February, 2024.

_____
Geoffrey W. Crawford, Chief Judge
United States District Court